UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
VECINA and NATIONAL IMMIGRATION               )
LITIGATION ALLIANCE,                          )        Case No. _____
                                              )
    Plaintiffs,                               )
                                              )
    v.                                        )
                                              )
ADMINISTRATION FOR CHILDREN                   )
AND FAMILIES, U.S. DEPARTMENT OF              )
HEALTH AND HUMAN SERVICES,                    )
                                              )
    Defendant.                                )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, seeking to compel Defendant, the Administration for Children and Families within the U.S. Department of Health and Human Services (HHS-ACF), to immediately release a full and complete copy of the Unaccompanied Child Manual of Procedures (UC MAP). The UC MAP is the primary policy document on which HHS-ACF and its program office the Office of Refugee Resettlement (ORR) rely to administer their programs for detained unaccompanied migrant children.

2.      According to Defendant's public statements, Defendant's policy is that migrant children in ORR custody are to be placed "in the least restrictive setting that is in the best interests of the child." *See, e.g.*, Off. of Refugee Resettlement, *About the Program* (Sept. 2, 2022), https://www.acf.hhs.gov/orr/programs/ucs/about. The specific details of how Defendant implements this policy are contained in the UC MAP.

1

3.       Because Defendant has not publicly released the UC MAP, members of the public with an interest in the treatment of detained unaccompanied migrant children have an incomplete understanding of the policies and procedures which govern the care of such children. To date, Defendant has failed to inform the public of the details of ORR policies regarding the care, custody, release, and safety of children, and the consequences, if any, for failing to adhere to the policies set forth in the manual. The requested information is thus critically important to assist unaccompanied migrant children, their attorneys, their family members and other potential sponsors, and the general public in advocating on behalf of the children and for their release.

4.       As a result, on August 9, 2023, Plaintiffs VECINA and National Immigration Alliance (NILA) submitted a FOIA request (the FOIA Request) to Defendant requesting both: (a) "[a] full and complete copy of the Unaccompanied Child Manual of Procedures (UC MAP)"; and (b) proactive disclosure of an electronic version of the UC MAP, pursuant to its obligation under 5 U.S.C. § 552(a)(2) to release, inter alia, "administrative staff manuals and instructions to staff that affect a member of the public," 5 U.S.C. § 552(a)(2)(C), and "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register," 5 U.S.C. § 552(a)(2)(B). Exhibit A at 1-2. Despite its statutory obligation to do so, Defendant has failed to produce any records to Plaintiffs, to proactively disclose the UC MAP, or to make a substantive response in response to the FOIA Request. Accordingly, Plaintiffs are entitled to a judgment declaring that Defendant has violated FOIA and ordering Defendant both to release the UC MAP to Plaintiffs and to proactively disclose the UC MAP to the public, in accordance with FOIA.

## JURISDICTION AND VENUE

5.       This Court has subject-matter jurisdiction under 5 U.S.C. § 552 *et seq.* (FOIA

statute) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201-2202 (Declaratory Judgment Act).

6.        Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because this is a civil action in which Defendant is a federal agency, there is no real property involved in this action, and Plaintiff NILA has its principal place of business in this District.

7.        Defendant acknowledged receipt of the FOIA Request by sending a notice on August 9, 2023. *See* Exhibit B. To date, Defendant has not made a determination on Plaintiffs' FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(A). Defendant's failure to make a determination within the statutory time period constitutes a constructive denial of the FOIA Request. Thus, Plaintiffs are deemed to have exhausted their administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## **PARTIES**

8.        Plaintiff VECINA is a tax-exempt, not-for-profit charitable organization under section 501(c)(3) of the Internal Revenue Code, with a principal place of business in Austin, Texas. VECINA's mission is to empower immigrant justice advocates through mentoring attorneys, educating communities, and mobilizing volunteers. In particular, through its ReUnite Project, VECINA assists family members and other sponsors seeking the release of unaccompanied immigrant children from ORR custody.

9.        Plaintiff NILA is a tax-exempt, nonprofit organization under section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Brookline, Massachusetts. Founded in 2020, NILA was established to realize systemic change in the immigrant rights' arena by engaging in impact litigation and by building the capacity of immigration attorneys to

litigate in federal court by co-counseling individual cases with them and providing strategic assistance to them. NILA's membership includes hundreds of immigration attorneys across the country, many of whom represent unaccompanied migrant children. In addition to litigation, NILA disseminates practice materials and materials obtained through FOIA on its public website and frequently presents on immigration issues.

10.     Defendant HHS-ACF is a component agency of the Department of Health and Human Services and is the federal agency responsible for the care, custody, release, and safety of unaccompanied migrant children, through its program office ORR. HHS-ACF is an "agency" within the meaning of 5 U.S.C. § 552(f) and has control over the records Plaintiffs seek.

## FACTUAL ALLEGATIONS

### The Unaccompanied Child Manual of Procedures (UC MAP)

11.     "Unaccompanied children apprehended by the Department of Homeland Security (DHS) immigration officials are transferred to the care and custody of ORR." Off. of Refugee Resettlement, *Unaccompanied Children* (July 19, 2022), https://www.acf.hhs.gov/orr/ programs/uc. By statute, ORR is responsible for, inter alia, "coordinating and implementing the care and placement of unaccompanied [noncitizen] children who are in Federal custody by reason of their immigration status"; "ensuring that the interests of the child are considered in decisions and actions relating to the care and custody of an unaccompanied [noncitizen] child"; and "implementing policies with respect to the care and placement of unaccompanied [noncitizen] children." 6 U.S.C. § 279(b)(1); *see also* 8 U.S.C. § 1232; 45 C.F.R. pt. 410.[1]

---

[1]     On October 4, 2023, ORR proposed a new set of regulations to govern ORR's unaccompanied children program. Unaccompanied Children Program Foundational Rule, 88 Fed. Reg. 68908 (proposed Oct. 4, 2023) (to be codified at 45 C.F.R. pt. 410). These would replace the existing regulations at 45 C.F.R. pt. 410, which have been partially enjoined. *See Flores v. Rosen*, 984 F.3d 720, 744 (9th Cir. 2020). Given the substantial uncertainty as to how

12.      In administering its unaccompanied children (UC) program, ORR relies on agency policy documents, including periodically issued field guidance, the ORR Unaccompanied Children Program Policy Guide (ORR Policy Guide), and the UC MAP. *See, e.g.*, Admin. for Child. & Fams., Off. of Refugee Resettlement, *Field Guidance #20 – Home Study Processing* (Sept. 7, 2021), https://www.acf.hhs.gov/sites/default/files/documents/orr/FG-20-Category-1-Home-Study-Processing-2021-09-07.pdf (directing the reader to consult specified sections of the ORR Policy Guide and UC MAP for additional guidance). Although field guidance documents and the ORR Policy Guide are available to the public, the UC MAP, which contains more detailed information governing the custody of migrant children, remains shielded from public access.

13.      Upon information and belief, ORR staff are required to adhere to the policies and procedures stated in the UC MAP in their administration of the UC program. These policies include, among others, those related to the placement of children in ORR facilities, the release of children from those facilities, and the services that may be provided prior to and following release.

14.      Upon information and belief, although the publicly available ORR Policy Guide is similar in structure to the UC MAP, the two sources include some, but not all, policy information in common. With respect to common policy information, the public-facing ORR Policy Guide contains far fewer details regarding ORR policies than the non-public UC MAP.

15.      Consequently, Plaintiffs and the general public are left with an incomplete picture of what Defendant's policies in fact are with respect to unaccompanied migrant children.

---

ORR policies may change in the future, it is all the more important that Defendant comply with its obligation under FOIA to proactively disclose and maintain an up-to-date electronic version of the UC MAP.

**Plaintiffs' FOIA Request to Defendant HHS-ACF**

16.    On August 9, 2023, Plaintiffs submitted a FOIA Request to Defendant using the online form provided by Defendant and by U.S. mail. The request seeks "[a] full and complete copy of the Unaccompanied Child Manual of Procedures (UC MAP)." *See* Exh. A at 2. The request further stated that, "in addition to releasing a full and complete copy of the UC MAP to Requestors, ACF also must proactively disclose these records 'for public inspection in an electronic format,' on an ongoing and up-to-date basis." *Id.* (quoting 5 U.S.C. § 552(a)(2)).

17.    The FOIA Request also asked that Defendant waive all associated processing fees because disclosure of the records is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of [Plaintiffs]." *Id.* (quoting 5 U.S.C. § 552(a)(4)(A)(iii)).

18.    The FOIA Request explained that disclosure of the requested information will contribute significantly to Plaintiffs' and the public's understanding of "government operations and activities related to the care, custody, release, and safety of unaccompanied children in immigration custody and/or immigration proceedings." *See id*.

19.    The 2023 report of the Chief FOIA Officer for the Department of Health and Human Services notes that "proactive disclosure of information is . . . fundamental to the faithful application of the FOIA" and that the Attorney General has directed federal agencies to post "records online quickly and systematically in advance of any public request." U.S. Dep't of Health and Hum. Servs., *2023 Chief FOIA Officer Report* § 3 (Mar. 8, 2023), https://www.hhs.gov/foia/statutes-and-resources/officers-reports/2023-section-3/index.html. The report goes on to assert that "HHS FOIA Offices work with program offices to identify final opinions, agency policy statements, and administrative staff manuals that are required to be made available for public inspection." *Id.*

6

20.     Because Defendant has not publicly released the UC MAP, affected members of the public are left with only a partial understanding of Defendant's policies and how Defendant applies them to unaccompanied migrant children. The requested information is critically important to assist attorneys, family members or other potential sponsors of migrant children, and the public in understanding the policies that guide Defendant's decisions regarding the care, custody, release, and safety of unaccompanied migrant children and the consequences of failure to adhere to those policies. Plaintiffs have the capacity and intent to disseminate widely the requested information to the public. *See* Exh. A at 2-3.

21.     By email dated August 9, 2023, Defendant acknowledged receipt of the FOIA Request. *See* Exh. B. Defendant's email assigned case number 23-F-0243 to the FOIA Request but provided no substantive response to the request or any further information.

22.     Defendant did not determine whether to comply with the FOIA Request by the deadlines set forth in 5 U.S.C. § 552(a)(6)(A) or (B). Defendant has failed to produce any records or make any substantive response to the FOIA Request.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Timely Respond**

23.     All of the foregoing allegations are repeated and realleged as though fully set forth herein.

24.     Pursuant to 5 U.S.C. § 552(a)(6)(A) and (B), Defendant was obligated to promptly produce records responsive to Plaintiffs' FOIA Request.

25.     Plaintiffs submitted the FOIA Request on August 9, 2023. Defendant failed to issue a response, including a determination of whether to comply with the request and the

7

reasons therefore, in the time provided under 5 U.S.C. § 552(a)(6)(A)(i) (20 days, excluding Saturdays, Sundays, and legal public holidays) or within the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i) (10 additional working days).

26. Defendant's failure to disclose all responsive records within the statutory time period therefore violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

### COUNT TWO

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Proactively Disclose Records**

27. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

28. Defendant is obligated under 5 U.S.C. § 552(a)(2)(B) to proactively disclose, in electronic format and on an ongoing basis, "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register." *See also Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 935 F.3d 858, 862 (9th Cir. 2019) ("Unlike FOIA's 'reactive' mechanism in § 552(a)(3), § 552(a)(2) identifies certain categories of records the agency must make available *on an ongoing basis*, no request necessary.") (emphasis added).

29. Defendant is obligated under 5 U.S.C. § 552(a)(2)(C) to proactively disclose, in electronic format and on an ongoing basis, "administrative staff manuals and instructions to staff that affect a member of the public." *See also Animal Legal Def. Fund*, 935 F.3d at 862.

30. The UC MAP is an administrative staff manual that affects members of the public, including but not limited to unaccompanied migrant children, their attorneys, and their guardians, family members, or other potential sponsors. The UC MAP also contains statements of policy and interpretations which have been adopted by the agency but have not been published in the Federal Register.

31.    Defendant has failed to proactively disclose the UC MAP, and no legal basis exists for Defendant's failure to proactively disclose it.

32.    Defendant's failure to proactively disclose the UC MAP is in violation of 5 U.S.C. § 552(a)(2)(B) and (a)(2)(C).

## COUNT THREE

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Plaintiffs' Public Interest Fee Waiver Request**

33.    All of the foregoing allegations are repeated and realleged as though fully set forth herein.

34.    Plaintiffs are entitled to a waiver of processing fees associated with responding to the FOIA Request pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

35.    Defendant has failed to make a determination on Plaintiff's request for a fee waiver. In accordance with 5 U.S.C. § 552(a)(4)(A)(iii), the Court should order Defendant to waive processing fees associated with responding to the FOIA Request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.    Assume jurisdiction over this action;

b.    Declare unlawful Defendant's failure to make a determination on the FOIA Request within the statutory time frame, failure to disclose the records requested by Plaintiffs, and failure to proactively disclose the UC MAP;

c.    Order Defendant to expeditiously process and disclose all responsive, nonexempt records, and enjoin Defendant from improperly withholding requested records;

d.    Order Defendant to proactively disclose the UC MAP to the public in electronic format available to the public on its website, including any future

9

updated versions on an ongoing basis, in accordance with 5 U.S.C. § 552(a)(2);

e.        Order Defendant to waive fees associated with responding to the FOIA

Request;

f.        Award Plaintiffs reasonable attorneys' fees and costs pursuant to 5 U.S.C.  §

552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law;

and

g.        Grant such other relief as the Court may deem just, equitable, and appropriate.


Respectfully submitted,


*s/ Stefanie Fisher*                                   Trina Realmuto*
Stefanie Fisher                                        Kristin Macleod-Ball*
Araujo & Fisher LLC                                    Aidan Langston, Law Graduate**
75 Federal Street, Suite 910                           National Immigration Litigation Alliance
Boston, MA 02110                                       10 Griggs Terrace
(617) 716-6400                                         Brookline, MA 02446
stefanie@aruajofisher.com                              (617) 819-4447
                                                       trina@immigrationlitigation.org
                                                       kristin@immigrationlitigation.org

                                                       *Pro hac vice applications forthcoming*
                                                       **Pro hac vice application forthcoming upon*
                                                       *admission to the bar*

                            *Attorneys for Plaintiffs*


Dated: November 1, 2023