**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **VECINA; NATIONAL IMMIGRATION LITIGATION ALLIANCE,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**ADMINISTRATION FOR CHILDREN AND FAMILIES, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,**<br><br>**Defendant.** | **Civil Action No. 1:23-cv-12632-ADB** |

## SETTLEMENT AGREEMENT

Plaintiffs VECINA and the National Immigration Litigation Alliance ("Plaintiffs") and Defendant Administration for Children and Families (ACF), U.S. Department of Health and Human Services ("Defendant") (collectively, "the Parties"), by and through their respective counsel, hereby stipulate and agree as follows, concerning the above captioned case (the "Litigation"):

WHEREAS, on August 9, 2023, Plaintiffs submitted a Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., request, seeking an order compelling Defendant to produce a complete copy of the Unaccompanied Child Manual of Procedures ("UC MAP") and to proactively disclose a copy of the UC MAP on its website. Defendant assigned the request case number 23-F-0243 (the "FOIA request");

WHEREAS, Plaintiffs filed a Complaint on November 1, 2023, concerning Defendant's failure to respond to the FOIA request, and seeking declaratory and injunctive relief and reasonable attorneys' fees and costs under the FOIA;

WHEREAS, Defendant produced a copy of the UC MAP in full, without redaction, on December 11, 2023, and voluntarily published an ADA-compliant copy of said UC MAP on the ACF FOIA reading room website on May 17, 2024.  Also, the Office of Refugee Resettlement ("ORR") will update the proactively disclosed copy of the UC MAP on an ongoing basis, generally within 30 days of the issuance of any changes to the UC MAP, as ADA compliance review and modification permits.  Such modifications will be posted by ORR in the ACF FOIA reading room with the publication date printed on the section's cover page;

WHEREAS, the Parties agree that there are no remaining disputes regarding the content of Defendant's productions or searches for records in response to Plaintiffs' FOIA request, and that summary judgment briefing on Plaintiffs' FOIA claims is not necessary;

WHEREAS, Plaintiffs and Defendant wish to avoid any further litigation and controversy and desire to resolve this litigation in its entirety;

NOW, THEREFORE, in consideration of the mutual promises contained in this Settlement Agreement and other good and valuable consideration, the Parties agree to the following Terms and Conditions:

1.  The Parties do hereby agree to settle and compromise all claims raised in the Litigation under the terms and conditions set forth in this Settlement Agreement.

2.  Defendant agrees to pay the sum of $12,000 ("Settlement Amount") to Plaintiffs' counsel for Plaintiffs' reasonable attorney's fees and costs, which sum Plaintiffs agree to accept as full and complete satisfaction of Plaintiffs' claim for attorney's fees, costs, and litigation expenses in the Litigation, and is inclusive of any interest. Payment of the Settlement Amount shall be made by electronic funds transfer to Plaintiff National Immigration Litigation Alliance.   Plaintiffs' counsel will provide the necessary information for the electronic funds transfer to the undersigned Assistant United States Attorney within seven

2

(7) business days of execution of this Settlement Agreement and Defendant will endeavor in good faith to render Payment within ninety (90) days of receipt of that information.

3. The Parties will jointly stipulate to dismiss this lawsuit with prejudice. Plaintiffs shall, on the receipt of the Settlement Payment, file a Stipulation of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a), a copy of which is attached hereto as *Exhibit A.*

4. Upon execution of this Settlement Agreement, Plaintiffs hereby release and forever discharge the Defendant and all its officers, employees, agents, successors, and assigns from any claims and causes of action arising from the FOIA Request on which the Litigation is based, including but not limited to all past, present, or future claims for attorney's fees, search, review or processing fees, expenses, or costs in connection with the Litigation. Plaintiffs expressly retain, and do not waive or release, all other claims and causes of action, including those arising from other FOIA requests not involved in the Litigation, and including any claims for breach of the Terms and Conditions of this Agreement.

5. In entering into this Settlement Agreement, no Party is making an admission of liability or fault to any other Party, and this Settlement Agreement shall not be construed as evidence or as an admission of any issue of law or fact, or as regarding the truth or validity of any allegation or claim raised in this litigation, or as evidence of or as an admission by Defendant regarding Plaintiffs' eligibility for or entitlement to attorney's fees or other litigation costs under the FOIA, except in the event of an action brought by any Party to enforce this Settlement Agreement.

6. This Settlement Agreement contains the entire agreement between the Parties hereto, and Plaintiffs acknowledge and agree that no promise or representation not contained in this

agreement has been made to it and acknowledges and represents that this Settlement Agreement contains the entire understanding between the Parties and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed upon purpose other than the desire of the Parties to reach a full and final conclusion of the Litigation and to resolve that suit without the time and expense of further litigation.

7. If any provision of this Settlement Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8. This Settlement Agreement may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by the Parties or their authorized representatives.

9. This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually executed original.

10. Upon execution of this Settlement Agreement by all Parties hereto, this agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, personal representative, administrators, successors, and assigns. Each signatory to this agreement represents and warrants that they are fully authorized to enter into this agreement on behalf of their clients.

11. Execution of this Settlement Agreement by counsel for the Parties and filing of the Stipulation of Dismissal, attached hereto, shall constitute dismissal of this action with prejudice.

Respectfully Submitted,

| | |
|---|---|
| VECINA and NATIONAL IMMIGRATION LITIGATION ALLIANCE | JOSHUA S. LEVY<br>Acting United States Attorney |
| By: /s/<br>Tina Realmuto<br>Kristin Macleod-Ball<br>National Immigration Litigation Alliance<br>10 Griggs Terrace<br>Brookline, MA 02446<br>617-819-4447<br>trina@immigrationlitigation.org<br>kristin@immigrationlitigation.org | By: /s/<br>Michael Sady<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>617-748-3100<br>Michael.sady@usdoj.gov<br><br>Executed this 7th day of October 2024 |
| Stefanie Fisher<br>Araujo & Fisher, LLC<br>75 Federal Street, Suite 910<br>Boston, MA 02110<br>617-716-6400<br>stefanie@araujofisher.com | |

Executed this 14th day of October 2024

*Counsel for Plaintiffs*                    *Counsel for Defendant*